MAYER BROWN LLP
LAUREN R. GOLDMAN (*pro hac vice*)
(lrgoldman@mayerbrown.com)
MICHAEL RAYFIELD (*pro hac vice*)
(mrayfield@mayerbrown.com)
1221 Avenue of the Americas
New York, NY 10016
Telephone:  (212) 506-2500
Facsimile:  (212) 849-5589

MAYER BROWN LLP
MATTHEW D. PROVANCE (*pro hac vice*)
(mprovance@mayerbrown.com)
71 Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8598

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
LAUREN J. POMEROY (291604)
(lpomeroy@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| KELLY WHALEN, individually and on behalf of all others similarly situated, and S.M., a minor, by and through her guardian, Tachah Wade, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>FACEBOOK, INC.,<br><br>         Defendant. | Case No. 4:20-CV-06361-JST<br><br>**STIPULATION REGARDING REMOTE DEPOSITION PROTOCOL AND PROPOSED ORDER**<br><br>Hon. Jon S. Tigar |

Plaintiffs Kelly Whalen and S.M. ("Plaintiffs") and Facebook, Inc. ("Facebook") (collectively, the "Parties"), jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned matter due to the ongoing COVID-19 pandemic:[1]

1. **PUBLIC HEALTH EMERGENCY**

    a.  During the public health emergency related to the COVID-19 pandemic, the Parties must comply with relevant public health orders, remain mindful of those performing essential services, and use their best efforts to minimize any risks to the health and safety of witnesses, attorneys, and other personnel involved with the taking of depositions.

    b.  The current public health emergency related to COVID-19 is likely to persist while certain depositions in this matter take place.

    c.  While taking adequate health and safety precautions, the Parties intend to advance the litigation as much as practicable, including by taking depositions.

    d.  Accordingly, as set forth below, while the public health emergency caused by COVID-19 remains in effect, any deposition in this matter shall be taken remotely pursuant to the Terms of this Order upon request of any party or the witness being deposed.

2. **REMOTE DEPOSITION PROTOCOL**

    a.  **Applicability:** Where the witness, the witness's counsel, and/or the noticing counsel are appearing for the deposition remotely, the following Remote Deposition Protocol shall apply.

    b.  **Length of Deposition:** If proceeding by deposition remotely impacts the ability to proceed with the deposition efficiently in a way that the noticing party could not reasonably have anticipated and avoided, then the Parties will act in good faith to provide additional time to complete the deposition beyond the 7 hours provided for in the Federal Rules of Civil Procedure. All counsel are expected to familiarize themselves with the software and procedures for conducting depositions remotely, and a failure of deposing counsel or their team members to do so is not grounds for extending the duration of the deposition.

---

[1] This Order is not intended to act as a waiver of any party's rights under the Federal Rules of Civil Procedure or any other applicable rules or orders pertaining to discovery in this matter.

c. **Remote administration of the oath:** The Parties agree that a court reporter will administer the oath to the deponent remotely by means of the video and audio connection. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the Parties agree that the extenuating circumstances of the ongoing global COVID-19 pandemic warrant proceeding with the administration of such oaths remotely and that the transcripts may be used by or against all Parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends to the deposition via the same remote means (*e.g.*, videoconference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

d. **Video-conferencing:** Where the witness, witness's counsel, and/or the noticing counsel are appearing for the deposition remotely, then a video conferencing service will be utilized and video of the witness will be recorded by a videographer for later use in proceedings in this case, including trial. The video-conferencing platform must allow for the deponent, attending counsel, deposing counsel, defending counsel, court report, and videographer to participate in the deposition without attending the deposition in person. The Parties agree that the Party noticing the deposition shall retain Veritext to provide court reporting, videoconference, videography, and remote deposition services in conformity with the terms of this Stipulation. The Parties agree that an employee of Veritext may attend each remote deposition to troubleshoot any technological issues that may arise.

e. **Videoconferencing Equipment:** A witness who appears remotely for his or her deposition in accordance with the Terms of this Order must use videoconferencing equipment sufficient to produce clear audio and video of the witness's testimony and a private

room for the duration of the deposition that will be free of distractions or interruption. The videoconferencing equipment used by the witness cannot be hand-held; it must be mounted or secured in such a way that provides for a stable audio and video feed throughout the course of the deposition. For the avoidance of doubt, the witness may not proceed with the remote deposition by using the camera function on his or her mobile device.

    f.    **Before the Deposition:**

        i.    **Noticing a Remote Deposition:** The Parties shall serve notice or revised notice of depositions that outline the remote means of taking the deposition, including the technologies used and how the Parties should connect to the deposition.

        ii.    **Deposition Preparation:** Counsel shall adequately prepare deponents and attorney attendees for depositions that are taken through remote means, including ensuring that the deponent is able to access and run the necessary software or web applications, and has a working camera and microphone on his or her computer, such that the witness can be seen and heard by all other participants.

        iii.    **Deposition Attendance:** Counsel will meet and confer ahead of any depositions that are taken through remote means to confirm who will be in attendance during the deposition. If the witness has requested to appear at the deposition remotely, then both the witness's counsel and deposing counsel shall appear at the deposition remotely as well. In other words, the witness or witness's counsel may not insist that deposing counsel appear at the deposition remotely while the witness's counsel is present with the witness during the deposition.

    g.    **During the Deposition:**

        i.    **Recording:** No one other than the videographer may record the deposition by video or audio means.

        ii.    **Connectivity:** If the deposition is proceeding by remote video, each party has the right to be present on video and to have clear audio. Once the deposition begins, if a lead counsel becomes disconnected from the deposition, either audio, video, or both, that fact

shall be noticed on the record as soon as the participants become aware and the deposition must immediately be suspended until that attorney has re-joined and has full access to both audio and video. The suspended time will not count against the applicable time limitations for depositions. The court reporter will provide a telephone number for use by the attendees to inform the court reporter if a lead counsel becomes disconnected or is otherwise experiencing technical difficulties. Any portion of the deposition that has been transcribed while a lead counsel is absent or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty and that attorney must be given an opportunity to object to any questions or answers that occurred in his or her absence.

    iii.  **Use of Internet-Enabled Devices:** Prior to the start of the deposition, the witness will power off any Internet-enabled devices capable of two-way communication (i.e., cell phones, iPads, laptops, and tablets) that are present in the room with the witness, and will place the devices out of reach and out of view of the witness. The specific device that the witness is using to be seen and heard on the record by deposing counsel and the witness's counsel during the deposition is exempt from this provision.

    iv.  **Counting Time:** During the deposition, to avoid the difficulties posed by simultaneous speaking over an internet video and audio connection, counsel and the witness will not interrupt each other and will strive to allow a moment between the conclusion of one person speaking and another person speaking. If at any time the court reporter indicates that he or she is unable to effectively transcribe the deposition due to technical difficulties, the deposition shall be paused and the parties will attempt to resolve those issues. The suspended time and any other reasonable delays or breaks necessary for the Parties to accommodate technological issues arising from depositions that are taken through remote means shall be excluded from the calculation of deposition time under Federal Rule of Civil Procedure 30(d)(1). If any technological issue cannot be resolved to the satisfaction of the court reporter or the parties, the deposition shall be suspended. This rule also applies to any technical difficulty that prevents the deponent or lead

counsel from hearing or seeing the deposition.  If the technical issues cannot be resolved, then the deposition shall be suspended until the concerns are resolved by the Court or through other means.

          v.       **Conferences with the Attorney:**  The deponent may speak privately to their counsel when a pending question raises concerns for privilege or work product.  To do so, either the deponent will ask on the record for a break to speak with counsel off the record, or deponent's counsel will ask on the record for a break to speak with the deponent off the record, and the record will reflect the start and end of the break.  There will be no communication by any counsel with the deponent while the deposition is on the record by text, chat or any other means, except those communications on the record.

          vi.       **Breakout Rooms**. During breaks in the deposition, the Parties may use the breakout room feature provided by Veritext, if available, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded.

          vii.       **Video Feed:**  During any depositions that are taken through remote means, the lead counsel examining the deponent and lead counsel defending the deponent shall each remain visible in frame while the deposition is on the record.  The only window that the deponent may have open or visible on his or her computer screen(s) is the videoconference webpage or software necessary to attend the deposition and view any deposition exhibits.  To the extent the remote deposition software reasonably allows, the video feed of the deposition visible to the deponent shall be limited to the image of the attorney who is speaking, any exhibits being displayed to the witness, or the witness.  The witness shall not have any other electronic applications, webpages, communications or documents visible on his or her computer screen(s), and should not consult any other electronic devices, such as additional computers, tablets, or mobile phones.  Any "chat" features shall be disabled and there will be no display of any chat windows, instant messages or similar text.  The limitations set forth in this Paragraph apply only to time on the record during the deposition and do not apply during breaks when all participants have agreed to go off the record.

    viii. **Identifying Documents:**  Lead counsel may use the video feed to display documents to the witness during the deposition.  However, during the deposition, when displaying a document, counsel must first identify that document for the record, assign it a unique exhibit number, and confirm that all other lead counsel are able to view the exhibit.

    ix. **Review of Exhibits:**  During the course of questioning a witness must have the ability to view the entire exhibit that is being displayed and be given the ability to review the document electronically pursuant to Section h below.

  h. **Remote Deposition Exhibits:**

    i. **Generally.**  Deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness and opposing counsel in a manner that enables the witness and opposing counsel to review the exhibits during the course of the deposition.  The Parties agree to use Veritext Exhibit Share for marking and presenting deposition exhibits to the deponent, court, reporter, defending counsel, and attending counsel.  In the event that Veritext Exhibit Share is not available to be used at a deposition, the Parties shall meet and confer regarding alternative acceptable means of marking and using exhibits for deposition, which shall include, by way of example:  (a) emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter 24 hours in advance of the deposition; or (b) any other means that the deposing counsel, defending counsel, and attending counsel agree to.  If the remote means utilized does not permit marking of exhibits remotely, deposing counsel shall be responsible for pre-marking exhibits.

    ii. **Electronic Exhibits:**  Counsel defending the deposition shall instruct the witness not to download or otherwise save any documents marked as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE under the Protective Order from the Veritext Exhibit Share software onto their personal computers or devices.

i.  **Reservation of Rights:** The parties may modify these procedures by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual circumstances.

Dated: May 21, 2021

MAYER BROWN LLP
COOLEY LLP


By: /s/ *Lauren R. Goldman*

Lauren R. Goldman*
Michael Rayfield*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

Matthew D. Provance*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
mprovance@mayerbrown.com

Michael G. Rhodes (116127)
Whitty Somvichian (194463)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
rhodesmg@cooley.com
wsomvichian@cooley.com

*Admitted *pro hac vice*

*Counsel for Defendant Facebook, Inc.*

| | | |
|---|---|---|
| 1 | Dated: May 21, 2021 | **CARLSON LYNCH LLP** |
| 2 | | |
| 3 | | By: /s/ *Todd D. Carpenter* |
| 4 | | |
| 5 | | Todd D. Carpenter (234464)<br>CARLSON LYNCH LLP<br>1350 Columbia St., Ste. 603 |
| 6 | | San Diego, CA 92101<br>Tel.: 619-762-1900 |
| 7 | | Fax: 619-756-6991<br>tcarpenter@carlsonlynch.com |
| 8 | | |
| 9 | | Kyle A. Shamberg*<br>Nicholas R. Lange*<br>CARLSON LYNCH LLP |
| 10 | | 111 West Washington Street, Suite 1240<br>Chicago, IL 60602 |
| 11 | | Tel.: 312-750-1265<br>kshamberg@carlsonlynch.com |
| 12 | | nlange@carlsonlynch.com |
| 13 | | Matthew E. Lee* |
| 14 | | Erin J. Ruben*<br>WHITFIELD BRYSON LLP |
| 15 | | 900 W. Morgan Street<br>Raleigh, North Carolina 27603 |
| 16 | | Telephone: (919) 600-5000<br>Facsimile: (919) 600-5035 |
| 17 | | matt@whitfieldbryson.com<br>erin@whitfieldbryson.com |
| 18 | | Counsel for Plaintiffs and the Proposed Class |

21   **ATTESTATION**: Pursuant to Local Civil Rule 5-1(i)(3), the Filer attests that concurrence in the filing of this document has been obtained from all signatories.

\* \* \*

**O R D E R**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____    _____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE